Chad S. Pehrson (12622) cpehrson@kba.law
Bryan B. Todd (19099) btodd@kba.law
**KUNZLER BEAN & ADAMSON, PC**
50 West Broadway Ste 1000
Salt Lake City, UT 84101
Telephone: (801) 994-4646

*Attorneys for Defendant*

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| THREAD WALLETS LLC, a Utah limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> BRIXLEY BAGS, LLC, a Utah limited liability company; <br><br> Defendant. | **ANSWER TO COMPLAINT** <br><br> Case No. 2:23 cv 874 <br><br> Judge Jill N. Parrish |

Design patents have "almost no scope."[1]  Here, Brixley's cross-body bag exhibits

substantial differences from the figures present in Plaintiff's design patent.  (In fact, Brixley's

design was expressly deemed to be a novel design by the USPTO.)  Nonetheless, Thread Wallets

claims infringement.  Perhaps Thread Wallets is frustrated with its competitive position in the

market for cross-body bags.  Brixley's bag does not infringe the asserted design patent, and

judgment should be entered in favor of Brixley.

---

[1] *In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988) ("Design patents have almost no scope. The
claim at bar, as in all design cases, is limited to what is shown in the application drawings.").

Brixley answers plaintiff Thread Wallets LLC's ("Thread") Complaint as follows:

## THE PARTIES

1.      Brixley lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint, and therefore denies the same.

2.      Brixley admits the allegations set forth in Paragraph 2 of the Complaint.

## NATURE OF THE CLAIMS

3.      Brixley admits the allegations set forth in Paragraph 3 of the Complaint.

4.      Brixley denies the allegations set forth in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      Brixley denies the allegations set forth in Paragraph 5 of the Complaint.

6.      Brixley admits the allegations in Paragraph 6 of the Complaint, that Brixley resides in the State of Utah, does business in the State of Utah, including selling their products in the State of Utah. Brixley denies the of the allegations contained in Paragraph 6 of the Complaint.

7.      Brixley denies the allegations contained in Paragraph 7 of the Complaint.

## FACTUAL BACKGROUND

8.      Brixley lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies the same.

9.      Brixley lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore denies the same.

10.      Brixley lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore denies the same.

11.     Brixley lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore denies the same.

12.     Brixley denies the allegations contained in Paragraph 12 of the Complaint.

13.     Brixley denies the allegations contained in Paragraph 13 of the Complaint.

14.     Brixley lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of Complaint, and therefore denies the same.

15.     Brixley denies the allegations contained in Paragraph 15 of the Complaint.

## FIRST CLAIM FOR RELIEF

### PATENT INFRINGEMENT – THE '105 PATENT
### (35 U.S.C. § 271)

16.     Brixley repeats and realleges as if fully set forth herein its responses to the allegations in paragraphs 1 through 16 of the Complaint.

17.     Brixley lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore denies the same.

18.     Brixley lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore denies the same.

19.     Brixley lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 of the Compliant, and therefore denies the same.

20.     Brixley denies the allegations contained in Paragraph 20 of the Complaint.

21.     Brixley denies the allegations contained in Paragraph 21 of the Complaint.

22.     Brixley admits the allegations contained in Paragraph 22 of the Complaint.

23.     Brixley denies the allegations contained in Paragraph 23 of the Complaint.

24.     Brixley denies the allegations contained in Paragraph 24 of the Complaint.

## PRAYER FOR RELIEF

In answering Plaintiff's Prayer for Relief, Brixley denies that Plaintiff is     entitled to any

relief on their asserted claims.

## GENERAL DENIAL

Brixley denies any allegation contained in the Complaint not expressly admitted above

and specially reserves all affirmative or other defenses that it may have against Plaintiff's

allegations.

## AFFIRMATIVE DEFENSES

By alleging the defenses set forth below, Brixley neither agrees nor concedes that it has

the burden of proof nor the burden of persuasion for any of these issues. In addition, Brixley

specifically and expressly reserves the right to amend its Answer or these defenses, or to add

additional defenses, based upon legal theories, facts, and circumstances that may or will be

discovered and/or further legal analysis of Plaintiff's positions in this litigation.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under one or all of the related equitable doctrines of

acquiescenece, estoppel and waiver.  Plaintiff and Defendant engaged in communications

relating to bag design and design changes in 2021, which communications reasonably led

Defendant to believe that Plaintiff would not assert its patent rights against Brixley's redesigned

bag.  Plaintiff's communications in 2021 and the subsequent extensive delays in filing suit

caused prejudice to Defendant.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's '105 Patent is invalid under 35 U.S.C. § 171 as not original.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's '105 Patent is invalid under 35 U.S.C. § 102 as not novel.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's '105 Patent is invalid under 35 U.S.C. § 103 as obvious.

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff Brixley Bags, LLC ("Brixley"), by and through

undersigned counsel, complain and allege the following against Counterclaim Defendant Thread

Wallets LLC ("Thread"):

## JURISDICTION

1.      Jurisdiction is proper in this court under 28 U.S.C. §§ 1331 and 1338 as this case

arises out of claims relating to patents, and the Patent Act, 35 U.S.C. § 101 et seq., and

supplemental jurisdiction over Brixley's counterclaims pursuant to 28 U.S.C. § 1367(a) as the

counterclaims are so related to Thread's claims that they form part of the same case or

controversy under Article III of the United States Constitution. .

## VENUE

2.      Pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), and 1400(b), venue is proper in

this Court as Thread resides in this judicial district, has brought claims related to alleged

infringement in the judicial district.

## PARTIES

3.      Thread is a Utah limited liability company with registration and a principal place

of business in the State of Utah.

4.      Brixley is a Utah limited liability company with registration and a principal place

of business in Utah and Arizona, respectively.

## FACTS

5.      On or about April 22, 2021, Thread's counsel sent an initial letter advising

Brixley of Thread's belief that the Brixley Crossbody Bag was substantially similar to the Thread

Crossbody Bag. In that April 2021 correspondence, Thread informed Brixley of its intent to

enforce its design patent rights.

6.      Immediately subsequent to the April 2021 correspondence, Thread and Brixley

engaged in numerous conversations regarding the designs of cross-body bags.  While Brixley at

the time did not believe that is cross-body bag infringed any valid intellectual property rights,

Brixley nonetheless implemented specific design changes as part of these communications.

These changes were shown to Thread.  Brixley understood that Thread was satisfied with the

design changes, including because Brixley received no further communications from Thread.

7.      On or about October 5, 2023, over two years after any communication from Thread, Brixley received a letter counsel for Thread, informing them that the patent application for Thread's cross-body bag has issues as U.S. Pat. No. D995105 ("the '105 patent").

8.      On November 10, 2023, Brixley responded to Thread's correspondence, indicating that Brixley did not believe that their products infringed the '105 patent.

9.      On December 4, 2023, Thread responded to Brixley's November 10, 2023 letter by filing its Complaint with this Court.

## COUNT ONE
### (Declaratory Judgment of Non-Infringement)

10.     Brixley repeats and realleges paragraphs 1 through 10 hereof, as if fully set forth herein.

11.     As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

12.     A judicial declaration is necessary and appropriate so that Brixley may ascertain its rights regarding its Crossbody Bogas and the '105 Patent.

13.     Brixley is entitled to a declaratory judgment that Brixley does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale, or imported into the United States any products or methods that infringe, either directly or indirectly, any valid and enforceable claims of the '105 Patent under 36 U.S.C. § 271.

## COUNT TWO
### (Declaratory Judgment of Invalidity)

14.     Thread repeats and realleges Paragraphs 1 through 14 hereof, as if fully set forth herein.

15.      As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of invalidity.

16.      A judicial declaration is necessary so that Brixley may ascertain its rights regarding the validity of the '105 Patent.

17.      Brixley is entitled to a declaratory judgment that the claims of the '105 Patent are invalid for failure to meet the Conditions for Patentability set forth in 35 U.S.C. § 101 et seq., including at least §§ 102, 103, and 112.

WHEREFORE, Brixley respectfully requests that the Court enter judgement against Thread as follows:

1.      Adjudging that Brixley has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '105 Patent, in violation of 35 U.S.C. § 271;

2.      Adjudging that each of the claims of the '105 Patent is invalid;

3.      Adjudging that the '105 Patent is unenforceable;

4.      A judgment that Thread and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that Brixley infringes any claims of the '105 Patent or from instituting or initiating any action or proceeding alleging infringement of any claims of the '105 Patent against Brixley or any customers, manufacturers, users, importers, or sellers of Brixley's products;

5.      Declaring Brixley as the prevailing party and this case as exceptional, and awarding Brixley its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

6.      That Thread be ordered to pay all fees, expenses, and costs associated with this action; and

7.      Awarding such other and further relief as this Court deems just and proper.

## **CONCLUSION**

Brixley demands a trial by jury on all issues so triable.

DATED: February 5, 2024.                    Respectfully submitted,

                                            **KUNZLER BEAN & ADAMSON**

                                            /s Chad S. Pehrson
                                            Chad S. Pehrson
                                            Bryan B. Todd
                                            *Attorney for Defendants*