David P. Johnson (#13260)
djohnson@wnlaw.com
Brittany Frandsen (#16051)
bfrandsen@wnlaw.com
WORKMAN NYDEGGER
60 E. South Temple, Suite 1000
Salt Lake City, Utah 84111
Tel. 801-533-9800

*Attorneys for Plaintiff*
*THREAD WALLETS LLC*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| THREAD WALLETS LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BRIXLEY BAGS, LLC, a Utah limited liability company,<br><br>Defendant. | Civil Action No.: 2:23-cv-00874-JNP-JCB<br><br>**MOTION TO FILE SECOND AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

**I. RELIEF SOUGHT AND GROUNDS FOR MOTION**

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiff Thread Wallets LLC ("Thread") hereby moves the Court for leave to file a Second Amended Complaint (redline version attached hereto as Exhibit A; clean version attached as Exhibit B). In its First Amended Complaint, Thread alleges that Defendant Brixley Bags, LLC ("Brixley") is making, using, offering to sell, selling, and importing into the United States a crossbody bag that infringes two of Thread's design patents. (Dkt. No. 20.) Thread now seeks to join Kimberly O'Connell, the founder and owner of

- 1 -

Brixley Bags, as an additional defendant in this case. Therefore, Thread asks the Court to freely give leave under Fed. R. Civ. P. 15 to file the Second Amended Complaint naming Ms. O'Connell as an additional defendant.

The addition of Ms. O'Connell as a party to the case at this stage will not prejudice Brixley or Ms. O'Connell. The Second Amended Complaint does not add any new counts against either defendant; rather, it alleges that Ms. O'Connell infringes and has infringed the same patents that Brixley has infringed. As the owner and principal officer of Brixley, Ms. O'Connell has been aware of this lawsuit since it was filed. Any information regarding her infringement is either in her own possession or in the possession of her company, Brixley. The Court should allow Thread to file its Second Amended Complaint and seek relief from Ms. O'Connell's ongoing infringement.

## II. MEMORANDUM IN SUPPORT

Thread has alleged that Brixley is infringing Thread's U.S. design patents by making, using, selling, offering to sell, and importing a cross-body bag that is substantially similar to Thread's patented designs. (Dkt. No. 20.) During a recent deposition, Thread learned that Brixley's founder and owner, Kimberly O'Connell, is personally involved at every step of the use, manufacture, offer to sell, sale, and importation of Brixley's accused products. Under Federal Circuit precedent, Ms. O'Connell may be held personally liable for these actions, and Thread seeks to join her as an additional defendant in this case.

### A. Factual and Procedural Background

Thread designs, manufactures, and markets innovative bags, wallets, phone cases, and accessories. (Dkt. No. 20, ¶ 8.) Among other products, Thread designed and sells a cross-body

12703837v1

bag. (*Id.*, ¶ 9.) Thread owns two U.S. design patents—U.S. Pat. Nos. D995,105 ("the '105 patent") and D1,025,591 ("the '591 patent")—that cover the design of its crossbody bag. (*Id.*, ¶¶ 10, 12.)

Brixley uses, makes, sells, offers to sell, and imports into the United States a cross-body bag that is substantially similar to Thread's patented designs. (*Id.*, ¶ 18.) Thread filed suit against Brixley on December 4, 2023, alleging infringement of the '105 patent. (Dkt. No. 2.) Thread's '591 patent issued a few months later; Thread subsequently filed a First Amended Complaint alleging infringement of that patent as well. Kimberly O'Connell is the founder and owner of Brixley and was not named as a party in either the original or the amended complaint.

At the onset of fact discovery, Thread promptly served an initial set of discovery requests on Brixley. (Dkt. No. 25.) Thread then spent several months communicating with Brixley regarding deficiencies in Brixley's discovery responses. (*Id.*) This culminated in Thread's Short Form Motion to Compel (Dkt. No. 24), which was granted in part by the Court on August 28, 2024. (Dkt. No. 29.) After Brixley complied with the Court's order in September 2024 and served additional information and documents responsive to Thread's requests, Thread properly noticed Ms. O'Connell's deposition and deposed Ms. O'Connell on October 22, 2024.

During Ms. O'Connell's deposition, Ms. O'Connell testified that she is intimately involved in every stage of Brixley's operations. Ms. O'Connell testified that she personally designed the accused product, that she personally oversees the manufacture of the accused product, that she personally arranges for importation of the accused product into the United States, and that she often helps package the accused product for shipment to consumers. Ms. O'Connell also testified that she personally creates and publishes marketing material advertising

the accused product on her own social media platforms and on Brixley's social media platforms. Furthermore, many of Brixley's customers refer to Ms. O'Connell as the source of the accused product rather than Brixley.

On October 31, 2024, counsel for Thread sent the Second Amended Complaint to counsel for Brixley and asked if Brixley would consent to Thread filing the Second Amended Complaint. The Second Amended Complaint alleges that since Ms. O'Connell personally participated in, directed, and authorized and approved Brixley's infringing conduct, she is liable for infringing the same two patents that were already at issue in this proceeding. (*See* Ex. A.) The Second Amended Complaint does not add any additional counts. (*Id.*) Counsel for Brixley declined to stipulate to the filing of the Second Amended Complaint.

The deadline to file a motion to amend pleadings and/or join additional parties is November 5, 2024, and fact discovery will not close until January 17, 2025. (Dkt. No. 19.) Brixley has noticed Thread's 30(b)(6) deposition, but has not yet taken any depositions. Thread will also likely take additional depositions before the close of fact discovery.

**B. Argument**

The Court should grant Thread leave to file the Second Amended Complaint because the Second Amended Complaint is not the result of undue delay, will not cause unfair prejudice to the defendants, and is not futile. Under Fed. R. Civ. P. 15(a)(2), the Court "should freely give leave [to amend pleadings] when justice so requires." "The purpose of [Rule 15] is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted). Thus, at least one Utah court has recognized that "[t]ypically, the

standard for granting permission to amend a complaint is relatively lenient." *Conlin v. RU Cliff, LLC*, No. 2:17-CV-1213-TC-DBP, 2019 WL 5788695, at *10 (D. Utah Nov. 6, 2019) (unpublished). Leave to amend should be freely given "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party . . . , futility of amendment, etc." *Minter*, 451 F.3d at 1204 (internal quotation marks omitted).

Here, Thread has not unduly delayed because 1) it is bringing its motion to amend within the deadline agreed to by both parties, and 2) Ms. O'Connell first testified regarding her personally infringing actions during her deposition roughly two weeks ago. Neither Ms. O'Connell nor Brixley would be prejudiced by the Second Amended Complaint because fact discovery has not yet closed, and any information regarding Ms. O'Connell's infringement is in her own and/or Brixley's possession. Finally, the Second Amended Complaint is not futile because under Federal Circuit precedent, company officers can be held personally liable for patent infringement even for actions taken through their business.

1. Thread has Not Unduly Delayed Filing the Second Amended Complaint.

First, Thread did not unduly delay seeking to amend its complaint to add Ms. O'Connell as a party. "Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action." *Minter*, 451 F.3d at 1205. When determining whether there has been undue delay, the 10th Circuit "focuses primarily on the reasons for the delay" and has held that "denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" *Id.*

There is no undue delay here in no small part because Thread is filing the Second Amended Complaint before the lapse of the November 5, 2024 deadline to file a motion to amend pleadings and/or to file a motion to join additional parties. (Dkt. No. 19.) Both parties agreed to this deadline and were aware that either party could seek to amend pleadings and/or add additional parties up to and through November 5, 2024. Thus, Brixley cannot complain that Thread's motion is brought at this stage in the case.

Furthermore, Thread has diligently prosecuted its case and seeks to amend promptly after learning of the information underlying the Second Amended Complaint. Thread promptly served an initial set of discovery requests on Brixley at the onset of fact discovery in this case. (Dkt. No. 25.) Thread then spent several months communicating with Brixley regarding deficiencies in Brixley's discovery responses, as outlined in the declaration filed under Dkt. No. 25. Thread's efforts culminated in a Short Form Motion to Compel filed on August 15, 2024.[1] (Dkt. No. 24), which was granted in part by the Court on August 28, 2024. (Dkt. No. 29.) After Brixley complied with the Court's order in September 2024 and served additional information and documents responsive to Thread's requests, Thread properly noticed Ms. O'Connell's deposition and deposed Ms. O'Connell on October 22, 2024. During that deposition, Thread learned of Ms. O'Connell's heavy personal involvement in designing, making, using, offering to sell, selling, and importing the accused products. Thread now seeks leave to amend its complaint two weeks after learning of that information. If there have been any delays in the discovery of this information, it is because of Brixley's delays and deficiencies in responding to discovery—not because Thread has not diligently sought the information.

---

[1] The Court granted Thread's motion at Dkt. No. 29, noting that Brixley's arguments in opposition were substantially justified "by the slimmest of margins."

Thus, Thread's claims against Ms. O'Connell in the Second Amended Complaint are clearly not untimely or unduly delayed.

2. <u>The Second Amended Complaint Would Not Cause Undue Prejudice to Ms. O'Connell or Brixley.</u>

Neither Ms. O'Connell nor Brixley would be unduly prejudiced by the filing of the Second Amended Complaint because the Second Amended Complaint does not raise any significant new factual issues. Even if "some practical prejudice" could result from an amendment, "this is not the test for refusal of an amendment. … The inquiry … is whether the allowing of the amendment produced a grave injustice to the defendants." *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971). Undue prejudice is typically caused by a proposed amendment "**only** when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.' … Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208 (emphasis added, internal citations omitted).

The Second Amended Complaint alleges infringement of the same patents by the same products that were identified in the First Amended Complaint. (*See* Dkt. No. 20 and Ex. A.) The only change in the Second Amended Complaint is the addition of Ms. O'Connell as a party, along with a brief description of some of the actions giving rise to her personal liability. Because Brixley is a small business and Ms. O'Connell is its sole owner, her actions were already relevant to questions of Brixley's infringement. If there is any evidence relevant to her personal culpability that has not already been discovered, it is in either her possession or Brixley's. Moreover, fact discovery in this matter will not close until January 17, 2025. (Dkt. No. 19.) Brixley has noticed, but has not yet taken, the 30(b)(6) deposition of Thread. If Brixley and/or

Ms. O'Connell wish to conduct further discovery into the claims against Ms. O'Connell, they have ample time to do so.

Thus, there would be no undue prejudice to Ms. O'Connell or to Brixley by the filing of the Second Amended Complaint.

      3.  <u>The Second Amended Complaint Is Not Futile.</u>

The Second Amended Complaint is not futile because it would not be subject to dismissal. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) (internal quotations omitted). Thread's original claims against Brixley were not subject to dismissal, and Thread's claims against Ms. O'Connell mirror those already brought against Brixley. (*Compare* Dkt. No. 20 to Ex. A.) Furthermore, the Second Amended Complaint adequately alleges that Ms. O'Connell has engaged in acts of direct and indirect infringement. (*See* Ex. A.)

Under Federal Circuit precedent, "[c]orporate officers can be personally liable for their own acts of infringement, even if those acts were committed in their corporate capacity." *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1358 (Fed. Cir. 2021). In other words, a corporate officer can be held personally liable for patent infringement without piercing the corporate veil. *Id.*; *see also Astornet Techs. Inc. v. BAE Sys., Inc.*, 802 F.3d 1271, 1279 (Fed. Cir. 2015) ("[V]eil-piercing standards do not govern the separate issue of direct liability for one's own wrongful acts, as the governing law defines those wrongs."). For example, in *Lubby*, a corporate officer was held personally liable for direct infringement of a patent because the officer testified that he designed the accused products and that he "made, offered to sell, and sold" the accused products through his company. *Lubby*, 11 F.4th at 1358.

Similarly, the Second Amended Complaint alleges the following:

- "[Ms.] O'Connell is the founder, CEO, and controlling member of Brixley, and is intimately involved with Brixley's operations";

- "[Ms.] O'Connell has a direct financial interest in Brixley and in the sales of Brixley's products, including the Brixley crossbody bag … ("the Brixley Crossbody Bag")";

- "[Ms.] O'Connell claims to have personally designed the Brixley Crossbody Bag";

- "[Ms.] O'Connell has personally participated in, directed, and authorized and approved the wrongful conduct of Brixley alleged in the Amended Complaint";

- "[Ms.] O'Connell has personally participated in using, selling, and offering to sell the Brixley Crossbody Bag, and in importing the Brixley Crossbody Bag into the United States";

- "[Ms.] O'Connell personally creates and publishes marketing material advertising the Brixley Crossbody Bag on both her own personal social media platforms and on Brixley's social media platforms on a regular basis";

- "[Ms.] O'Connell personally oversees the manufacture of the Brixley Crossbody Bag";

- "[Ms.] O'Connell personally arranges for importation of the Brixley Crossbody Bag into the United States and packages the Brixley Crossbody Bag for shipment to consumers";

- "[Ms.] O'Connell regularly uses the Brixley Crossbody Bag"; and

- "[M]any of Brixley's customers refer directly to [Ms.] O'Connell rather than Brixley as the source and designer of the Brixley Crossbody Bag."

(Ex. A, ¶¶ 18–27.) Similar to *Lubby*, these facts are sufficient to "state a claim to relief [against Ms. O'Connell] that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2009)). Thus, the claims against Ms. O'Connell are not subject to dismissal and are not futile.

    4. <u>Permissive Joinder of Ms. O'Connell is Proper under Rule 20.</u>

Under Fed. R. Civ. P. 20(a)(2), "Persons … may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." The Second Amended Complaint satisfies this standard because it asserts a right to relief against Brixley and Ms. O'Connell jointly, severally, or in the alternative with respect to the same series of transactions or occurrences—namely, Brixley and Ms. O'Connell's use, manufacture, offer to sell, sale, and import of Brixley's cross-body bags. The questions of fact and law regarding their infringement will be common to both Brixley and Ms. O'Connell. Thus, joinder is proper under Rule 20.

**C. Conclusion**

Ms. O'Connell's significant personal involvement in the use, manufacture, offer to sell, sale, and import of Brixley's cross-body bags necessitates her joinder to this action. Hence, Thread asks the Court to grant Thread's Motion to file the Second Amended Complaint.

DATED this 5th day of November, 2024.

        Respectfully submitted,

        /s/ David P. Johnson
        David P. Johnson
        Brittany Frandsen

        Attorney for Plaintiff
        THREAD WALLETS LLC