David P. Johnson (#13260)
djohnson@wnlaw.com
Brittany Frandsen (#16051)
bfrandsen@wnlaw.com
WORKMAN NYDEGGER
60 E. South Temple, Suite 1000
Salt Lake City, Utah 84111
Tel. 801-533-9800

*Attorneys for Plaintiff*
*THREAD WALLETS LLC*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| THREAD WALLETS LLC, a Utah limited liability company,<br><br>     Plaintiff,<br><br>v.<br><br>BRIXLEY BAGS, LLC, a Utah limited liability company,<br><br>     Defendant. | Civil Action No.: 2:23-cv-00874-JNP-JCB<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO FILE SECOND AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

Plaintiff Thread Wallets LLC ("Thread") submits this Reply Memorandum in support of its Motion to File Second Amended Complaint (Dkt. No. 31) ("the Motion"). The Motion should be granted because Defendant Brixley Bags, LLC ("Brixley") has not shown undue delay, prejudice, futility, or demonstrated that there is any other reason to deny the Motion.

Brixley is a small company run almost single-handedly by its founder, Kimberly O'Connell. In similar circumstances, the Federal Circuit affirmed a judgment of infringement

- 1 -

against a corporate officer, and specifically stated that no veil-piercing analysis was necessary. Thus, Thread's allegations in its Second Amended Complaint ("the SAC") are not futile and are sufficient to survive a motion to dismiss.

Brixley also has not shown undue delay or prejudice. There is no delay because Thread filed the Motion by the applicable deadline in the Scheduling Order and the relevant facts came to light less than six weeks ago. There is no prejudice because the allegations against Ms. O'Connell mirror those against Brixley, and Ms. O'Connell (via Brixley) has been involved in this action from the beginning and has had ample opportunity to build a defense to Thread's infringement allegations. Accordingly, Thread respectfully requests the Court grant the Motion.

## I.   ADDITIONAL FACTUAL BACKGROUND

The Background section in Brixley's Opposition to the Motion ("Opposition") is missing several crucial facts. Brixley and Thread are both headquartered in Utah County. Thread's crossbody bag was released in August 2020; a few months later in November 2020, Brixley announced that the first version of its crossbody bag ("Brixley V1") was available for pre-order.[1] Brixley V1 was almost exactly identical to Thread's bag, and there is no documentary evidence that Ms. O'Connell began designing Brixley V1 before Thread's bag was released. This leads Thread to infer that someone at Brixley deliberately copied the design of Thread's product. Since Ms. O'Connell insists that she designed Brixley V1, Thread alleges that it was Ms. O'Connell who copied the design of Thread's bag. (*See* Motion, Ex. A, ¶¶ 5, 15, 20.)

In April 2021, Thread notified Brixley of Thread's pending design patent application. In June 2021, Thread's counsel, James McConkie, sent Brixley's counsel, Scott Hilton, a list of

---

[1] While it is technically true that the products were released "around the same time," Brixley omits the salient fact that Brixley announced its product three months after Thread. (Dkt. No. 32, Opposition, p. 2.)

suggestions for design modifications. Mr. Hilton responded by sending an image of a new Brixley prototype, and subsequently explained that Brixley would not make all the suggested changes. Brixley then began selling its redesigned bags ("the Accused Products") without waiting for Thread's approval.

In September 2021, Mr. McConkie emailed Mr. Hilton noting that Brixley had moved forward with its redesign without all the changes suggested by Thread, and stating, "Thread reserves all rights and will keep an eye on this matter going forward." Mr. Hilton responded, "Hopefully the other design changes are satisfactory to your client, and we understand that they will keep an eye on the matter moving forward."

In 2022, social media users began commenting on Thread's social media posts and ads regarding the similarities between the Accused Products and Thread's crossbody bag. These comments ranged from confused—*e.g.*, queries about whether they were the same bag—to accusatory—*i.e.*, accusing Thread of copying Brixley's bag. Thread's U.S. Pat. No. D995,105 issued in August 2023. Thread sent Brixley a cease-and-desist letter shortly thereafter in October 2023, citing its issued design patent and demanding that Brixley cease selling the Accused Products. This action followed.

## II.   ARGUMENT

### A. Thread Did Not Learn All the Facts Underlying Its SAC Until Ms. O'Connell's Deposition.

Brixley claims that Thread delayed amending its complaint despite knowing of Ms. O'Connell's role at Brixley. (*See*, *e.g.*, Opposition, p. 3.[2])  That is not accurate.

---

[2] The page numbers at the bottom of each page of the Opposition start on the second page and do not match the ECF numbers. References to the page numbers of the Opposition refer to the ECF page numbers at the top of the page, not the page numbers in the footer of the brief.

The level of Ms. O'Connell's involvement with Brixley's infringing activities did not become clear to Thread until Ms. O'Connell's deposition on October 22, 2024. Ms. O'Connell did not sign the verification for Brixley's initial responses to Thread's first set of interrogatories; her husband, Ethan O'Connell, did. *See* Ex. A. Likewise, the content of the responses do not reveal Ms. O'Connell's singular involvement, stating instead that both Ms. O'Connell and Mr. O'Connell were involved in the development and design of the Accused Products. (*Id.*) Rather than provide specific details regarding the development of the Accused products, Brixley's discovery responses merely discuss some reasons why Ms. O'Connell wanted to sell something that looked like the Accused Products, state that she saw several types of crossbody bags online and that she "discussed her version of the crossbody bag with her manufacturer," and that this "ultimately result[ed] in the Brixley crossbody bag." (Exs. A, B.) Ms. O'Connell is not even listed first on Brixley's initial disclosures; Mr. O'Connell is. (Ex. C.) And while Brixley's initial disclosures identify Ms. O'Connell as the CEO of Brixley, her specific responsibilities are not listed in Brixley's initial disclosures or in any of its discovery responses. (*Id.*)

Thus, Thread did not know the level of Ms. O'Connell's personal involvement in designing, manufacturing, marketing, importing, and selling the Accused Products until Thread deposed Ms. O'Connell. Brixley's claims to the contrary are unsupported and do not merit denial of the Motion.

### B.  Brixley Does Not Identify Any Prejudice That Would Be Caused by the SAC.

The only possible prejudice identified by Brixley is delay that would be caused by Ms. O'Connell's alleged need for additional discovery. But courts in Utah have found that "[g]enerally speaking, the need to conduct additional discovery, without more, does not

constitute undue prejudice." *Hydro Eng'g, Inc. v. Petter Invs., Inc.*, No. 2:11-CV-139 TS, 2012 WL 2872628, at *3 (D. Utah July 12, 2012). *See also Phase v. Eisenberg*, No. 122CV00035DBBJCB, 2023 WL 5046809, at *3 (D. Utah Aug. 8, 2023).   The 10th Circuit likewise treats delay and prejudice separately and has noted: "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (internal quotations omitted). This "most often" occurs when "the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.*

Brixley cites *Ascon Props., Inc. v. Mobil Oil Co.* in support of the proposition that delay can constitute prejudice. 866 F.2d 1149, 1160 (9th Cir. 1989). But the 9th Circuit in *Ascon* did not hold that delay constitutes prejudice; it treated delay and prejudice separately. *Id.* The court found prejudice after finding the defendant had already incurred substantial litigation costs and holding that to put the defendant through "the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would cause undue prejudice." *Id.* at 1161. That is not the case here. Thread is not asking the Court to put Ms. O'Connell or Brixley through the time and expense of litigating new theories that might require additional discovery. The issues in the claims against Ms. O'Connell mirror those in the First Amended Complaint against Brixley. Thus, Brixley has not identified any prejudice.

Even if delay alone constituted prejudice (which it does not), Brixley's claim that the SAC would delay these proceedings is unsupported. Brixley claims that if Ms. O'Connell is joined to the case, she would "obviously" need to participate in discovery, and the case schedule

would need to be extended. (Opposition, pp. 1, 11.) But Ms. O'Connell **has** participated in discovery.[3] Brixley is a small company, and Ms. O'Connell is its founder and owner who directs most (if not all) of its actions. And the infringement allegations in the SAC mirror those of Thread's First Amended Complaint. Brixley does not identify a single piece of evidence Ms. O'Connell will need to discover that she has not already had the opportunity to discover through Brixley. That is because there is no such evidence. The information relevant to the claims against Ms. O'Connell is also relevant to the claims against Brixley, and Brixley has had many months to build its case. Adding Ms. O'Connell as a defendant does not require extending the case schedule, and Brixley's claim of prejudice rings hollow.

### C. Thread's Claims Against Ms. O'Connell Meet the Pleadings Standards Under *Iqbal* and *Twombly*.

Brixley's futility argument fails because it is based on outdated and inapplicable case law. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) (internal quotations omitted). Thread is not required to prove its case at this stage; it must merely allege facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2009)). In a patent infringement case, when a patent holder identifies the patents at issue, the products that infringe them, and how they infringe, "[t]his is sufficient to give [the accused infringer] fair notice of the infringement clams and the grounds on which they are brought, 'which is all that is required to meet the *Iqbal* and *Twombly* plausibility standards.'" *Resh, Inc. v. Conrad*, No. 22-CV-01427-

---

[3] Among other things, Ms. O'Connell testified that she helped draft responses to Thread's discovery requests.

EJD, 2024 WL 4177944, at *8 (N.D. Cal. Sept. 11, 2024) (quoting *Aperture Net LLC v. Opengear, Inc.*, No. 20-CV-03613-SVK, 2020 WL 11401699, at *3 (N.D Cal. Dec. 10, 2020)).

Brixley claims it cannot tell whether Thread has alleged that Ms. O'Connell is liable for direct or indirect infringement. (Opposition, p. 6.) But the SAC explicitly states, "Defendants … have been and are now **directly infringing** Thread's [patents]" and "O'Connell has **indirectly infringed** [Thread's patents] … by actively and knowingly assisting with and **inducing** Brixley's infringement." (SAC ¶¶ 34, 36, 44, and 46 (emphasis added).) These claims are not futile.

1. Thread's Direct Infringement Allegations Against Ms. O'Connell Correspond to the Facts in *Lubby*.

"The cases are legion holding corporate officers and directors personally liable for 'participating in, inducing, and approving acts of patent infringement' by a corporation." *Fromson v. Citiplate, Inc.*, 886 F.2d 1300, 1304 (Fed. Cir. 1989) (quoting *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1579, 1 USPQ2d 1081, 1091 (Fed.Cir.1986)). Nevertheless, Brixley claims that Ms. O'Connell cannot be held liable without piercing the corporate veil.

Brixley's argument is based on cases such as *Wordtech* that hold that corporate officers "cannot be found **derivatively liable** for **the corporation's infringement** without piercing the corporate veil." *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1359 (Fed. Cir. 2021) (*quoting Global Traffic Technologies LLC v. Morgan*, 620 F. App'x 895, 908 n.6 (Fed. Cir. 2015)) (some emphasis in original, some emphasis added). But the SAC alleges that Ms. O'Connell is liable for her **own** infringement—not that she is derivatively liable for Brixley's infringement. In *Lubby*, the Federal Circuit clarified that in such cases, there is no need to pierce the corporate veil. *Id.* at 1358.

In *Lubby*, a corporate officer argued that he could not "be liable for infringement based on acts that he took on behalf of his company" without piercing the corporate veil. *Id.* The Federal Circuit flatly rejected that position, stating, "[T]hat is not the standard." *Id.* The Federal Circuit noted the difference between derivative liability, where an officer is held liable for his corporation's infringement, and direct liability, where an officer is held liable for his own actions (even if taken through his company). *Id.* "[W]hile piercing the corporate veil is appropriate for questions of **derivative liability**, veil-piercing standards do not govern the separate issue of **direct liability** for one's own wrongful acts." *Id.* (internal quotations omitted) (emphasis added).

The Federal Circuit then held, "The fact that Mr. Chung may have acted on behalf of his corporation does not excuse him from individual liability. Given the evidence that Mr. Chung sold the allegedly infringing products …, we must uphold the jury's verdict that Mr. Chung is personally liable for direct infringement." *Id.* at 1359. *See also Resh, Inc. v. Conrad*, No. 22-CV-01427-EJD, 2024 WL 4177944, at *9 (N.D. Cal. Sept. 11, 2024) ("And while piercing the corporate veil is appropriate for questions of derivative liability, 'veil-piercing standards do not govern the separate issue of direct liability for one's own wrongful acts, as the governing law defines those wrongs.'") (quoting *Lubby*, 11 F.4th at 1358); *Irritec USA, Inc. v. Valplastic USA, LLC*, No. 5:22-CV-00660-AB-SHK, 2023 WL 2626961, at *5 (C.D. Cal. Jan. 4, 2023) (noting that *Lubby* clarifies *Wordtech* and finding a corporate officer "could be found liable of any form of patent infringement so long as he personally participated in the infringing conduct.").[4]

---

[4] One California court found that "A corporate officer … can be subject to personal liability if they participate in and approve of acts of patent infringement because the corporate veil is pierced." *Trove Brands, LLC v. TRRS Magnate LLC*, No. 2:22-CV-02222-TLN-CKD, 2024 WL 1974452, at *2 (E.D. Cal. May 3, 2024). This suggests that some courts find infringing acts alone sufficient to pierce the corporate veil.

The cases cited in Brixley's Opposition all pre-date *Lubby* and, if they contradict the holding in *Lubby*, they are superseded. Thread is pursuing direct and indirect patent infringement claims, but not derivative liability claims, against Ms. O'Connell. Brixley does not address the similarities between the officer's actions in *Lubby* and the allegations against Ms. O'Connell in the SAC. (*See* Motion, p. 9.) Under Federal Circuit precedent, "[t]he fact that [Ms. O'Connell] may have acted on behalf of [Brixley] does not excuse [her] from individual liability." *Lubby*, 11 F. 4th at 1359. Thus, Thread has adequately alleged direct infringement and need not make any allegations regarding piercing the corporate veil.

      2.  <u>Thread Has Given Ms. O'Connell Sufficient Notice of Its Indirect Infringement Claims.</u>

Brixley acknowledges that Ms. O'Connell can be held personally liable for inducing infringement of Thread's patents but argues that the SAC lacks sufficient facts to show that Ms. O'Connell knew or should have known that she was inducing infringement of Thread's patents. (Opposition, p. 10.)

Whether or not there was inducement is a "factual inquiry." *Moba, B.V. v. Diamond Automation, Inc.*, 325 F.3d 1306, 1318 (Fed. Cir. 2003). The "knowledge" prong of the inducement test can be satisfied by showing either that a defendant knew her actions infringed a patent, or that the defendant willfully blinded herself to the infringing nature of her actions. *Global-Tech Appliances, Inc. v. SEB SA*, 563 US 754, 766, 769 (2011). For example, in *Global-Tech Appliances, Inc. v. SEB SA*, the U.S. Supreme Court affirmed a finding of inducement based on evidence that the defendant copied the patented product, then asked for a noninfringement opinion from its attorney without disclosing that it had copied the product. 563 US 754, 771 (2011).

Similarly, the SAC alleges, "Defendants have copied Thread's cross-body bag," "Defendants know that their cross-body bag is a copy or near copy of Thread's product," and that Ms. O'Connell personally took many (if not all) of the actions leading to infringement, including personally designing, importing, marketing, and selling the Accused Products. (Motion, Ex. A, ¶¶ 15 and 17–27.) The SAC then alleges that both Defendants have directly infringed Thread's patents, and that Ms. O'Connell "has indirectly infringed the [patents] under 35 U.S.C. § 271(b) by actively and knowingly assisting with and inducing Brixley's infringement of the [patents]."[5] (Motion, Ex. A, ¶¶ 36 and 46.) Thread further alleges that Ms. O'Connell had prior knowledge of Thread's patents, and that her infringement has been "willful and deliberate." (*Id.*, ¶¶ 37, 39, 47, 49.) Thread is not required to prove that Ms. O'Connell knew that her actions infringed Thread's patents; it must only plausibly allege that Ms. O'Connell knowingly assisted with and induced Brixley's infringement of Thread's patents. Otherwise, Ms. O'Connell could avoid being named a defendant simply by denying that her products infringe. Thus, Thread's indirect infringement claims are not subject to dismissal and are not futile.

## III.   CONCLUSION

Under established Federal Circuit precedent, Ms. O'Connell is liable for her personal infringement (both direct and indirect) of Thread's patents. Thus, the Court should grant the Motion and allow Thread to file its SAC joining Ms. O'Connell as a defendant. Thread does not believe there are any deficiencies in the SAC, but if there are, the Court should identify the deficiencies and allow Thread to remedy them rather than denying Thread leave to amend.

---

[5] Thread acknowledges that there is a typographical error in ¶ 46 of the SAC referencing the '105 patent instead of the '591 patent but does not believe that this error merits denial of the Motion.

DATED this 3rd day of December, 2024.

Respectfully submitted,

/s/ David P. Johnson
David P. Johnson
Brittany Frandsen

Attorney for Plaintiff
THREAD WALLETS LLC

12703837v1