# EXHIBIT A

Chad S. Pehrson (12622) cpehrson@kba.law
Bryan B. Todd (19099) btodd@kba.law
Kunzler Bean & Adamson, PC
50 West Broadway Ste 1000
Salt Lake City, Utah 84101

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| THREAD WALLETS LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BRIXLEY BAGS, LLC, a Utah limited liability company,<br><br>Defendant. | Civil Action No.: 2:23-cv-00874-JNP-JCB<br><br>**DEFENDANT BRIXLEY BAGS, LLC'S RESPONSE TO THREAD WALLETS LLC'S FIRST SET OF INTERROGATORIES**<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Brixley Bags, LLC ("Brixley") by and through undersigned counsel, responds to Plaintiff Thread Wallets LLC's ("Thread") First Set of Interrogatories as follows:

**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

Brixley will supplement its responses to Thread's First Set of Interrogatories in accordance with Fed. R. Civ. P. 26(e) and the objections as set forth herein are made without prejudice to Brixley's right to assert any additional or supplemental objections pursuant to Fed. R. Civ. P. 26(e).

Brixley objects to Thread's Definition No. 12 because it is overly broad and lacks specificity required for Brixley to properly respond to any interrogatories relying on that term.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons involved in the design and development of each Accused Product.

**RESPONSE TO INTERROGATORY NO. 1:** Brixley objects to this interrogatory as it is overly broad in that it seeks to obtain the identity of "all persons" who were involve in the development "of each Accused Product." Subject to and not withstanding the foregoing objection, Brixley identifies Ethan O'Connell and Kimberly O'Connell.

**INTERROGATORY NO. 2:** Explain the history of the design and development of the Accused Products and any predecessor products if applicable.

**RESPONSE TO INTERROGATORY NO. 2:** Brixley objects to this interrogatory as it is overly broad, vague and irrelevant with respect to "predecessor products." Subject to the foregoing, Brixley answers as follows: In 2019, Brixley was looking to create a single bag that could be used in a variety of different ways, eliminating the need for multiple bags. Brixley decided on a bag that could be worn five different ways. Brixley conceived of their cross-body bag that could be marketed to all ages. The Brixley bag was the result of experiences Kimberly had travelling. Upon recognizing the need for organization during travel and daily activities, Kimberly conceived of a bag that had enough storage for various items.

**INTERROGATORY NO. 3:** Identify, by brand name, model name or number, iteration, version number, or other identifying mechanism, each Accused Product developed, manufactured, made, purchased, sold, offered for sale or use, or used by Brixley, including the dates during which each identified Accused Product was so developed, manufactured, made, purchased, sold, offered for sale or use, or

used by Brixley.

**RESPONSE TO INTERROGATORY NO. 3:** Brixley identifies the original Crossbody sling which was the subject of Mr. McConkie's demand letter, and the current iteration of the Crossbody sling, designed to comply with the changes discussed between Mr. McConkie and Scott Hilton. The products have been offered for sale since 2020.

**INTERROGATORY NO. 4:** Identify and describe the date and circumstances upon which anyone at Brixley first became aware of the Thread Crossbody Bag.

**RESPONSE TO INTEROGATORY NO. 4:** Brixley objects to this interrogatory as it is vague as to the term "circumstances." Brixley first learned of the Thread Crossbody bag when an officer viewed advertisements on Instagram or Facebook in the end of 2020. In early 2021, Brixley began receiving direct messages on Instagram and Facebook informing Brixley of the existence of another crossbody bag.

**INTERROGATORY NO. 5:** Identify all actions Brixley took in response to the 2021 Letter.

**RESPONSE TO INTERROGATORY NO. 5:** Brixley objects to this interrogatory as it is overly broad, unduly burdensome, and irrelevant. Subject to and not withstanding the foregoing objection, Brixley responds by reference to the actions taken as identified in the correspondence produced in Brixley's Initial Disclosures.

**INTERROGATORY NO. 6:** Identify with particularity the factual and legal bases for Brixley's allegations, including in paragraph 20 of the Answer and paragraph 13 of the Counterclaims, that the Accused Products do not infringe the '105 Patent.

**RESPONSE TO INTERROGATORY NO. 6:** Brixley objects to this interrogatory as out of turn, because Plaintiff has never articulated an infringement theory. Once an infringement theory is articulated, Brixley will provide a response to this interrogatory.

**INTERROGATORY NO. 7:** Identify with particularity the factual and legal bases for Brixley's allegations, including in the Third, Fourth, and Fifth Affirmative Defenses of the Answer and paragraph 17 of the Counterclaims, that the '105 Patent is invalid.

**RESPONSE TO INTERROGATORY NO. 7:** Brixley objects to this request as it calls for information out of order, because Plaintiff has never articulated an infringement theory. Once an infringement theory is articulated, Brixley will provide a response to this interrogatory.

**INTERROGATORY NO. 8:** Identify and describe the relevance of each item of prior art that You allege anticipates or renders obvious the '105 Patent, including without limitation stating whether each such item of prior art anticipates or renders obvious the '105 patent and state, in chart form, where specifically in each item of said prior art each ornamental design element of the '105 patent is found. If You contend that a combination of items of prior art makes a claim obvious, state each combination, and the motivation to combine such items, if any.

**RESPONSE TO INTERROGATORY NO. 8:** Brixley objects to this interrogatory as out of turn, because Plaintiff has never articulated an infringement theory. Once an infringement theory is articulated, Brixley will provide a response to this interrogatory.

**INTERROGATORY NO. 9:** Identify any aspects of the design of the '105 Patent that Brixley alleges are functional.

**RESPONSE TO INTERROGATORY NO. 9:** Brixley objects to this interrogatory as out of turn, because Plaintiff has never articulated an infringement theory. Once an infringement theory is articulated, Brixley will provide a response to this interrogatory.

**INTERROGATORY NO. 10:** Identify the factual and legal bases for Brixley's Second Affirmative Defense in the Answer that "Plaintiff's claims are barred under one or all of the related equitable doctrines of acquiescence, estoppel and waiver."

**RESPONSE TO INTERROGATORY NO. 10:** Brixley objects to this request as it calls

for information out of order, specifically that Plaintiff has never articulated an infringement theory. Once an infringement theory is articulated, Brixley will provide a response to this interrogatory.

**INTERROGATORY NO. 11:** Identify all entities who are or have been involved in manufacturing, supplying, importing, and/or sourcing the Brixley Crossbody Bag to Brixley or third parties.

**RESPONSE TO INTERROGATORY NO. 11:** Brixley objects to this interrogatory as overly broad, irrelevant, and unduly burdensome, as the identity of manufacturers of the bag has no pertinence to the claims and defenses in this litigation.

**INTERROGATORY NO. 12:** Individually, for each of the Accused Products identified in response to Interrogatory No. 1, state the monthly U.S. sales, and the gross and net profit associated with the sales, from August 15, 2023 to the present.

**RESPONSE TO INTERROGATORY NO. 12:** Brixley responds to this interrogatory by reference to the documents produced in response to Plaintiff's first requests for production of documents.

**INTERROGATORY NO. 13:** Identify and describe who You contend is the ordinary observer of the ornamental design claimed in the '105 patent.

**RESPONSE TO INTERROGATORY NO. 13:** Brixley objects to this interrogatory as out of turn, because Plaintiff has never articulated an infringement theory.

**INTERROGATORY NO. 14:** Identify and describe who You contend is the designer of ordinary skill in the art of the ornamental design claimed in the '105 patent.

**RESPONSE TO INTERROGATORY NO. 14:** Brixley objects to this interrogatory as out of turn, because Plaintiff has never articulated an infringement theory.

**INTERROGATORY NO. 15:** Explain Brixley's awareness of, interactions with, and relationship with entities and/or individuals who have tagged or referenced Brixley in comments

- 5 -

made on Thread's social media posts.

**RESPONSE TO INTERROGATORY NO. 15:** Object as overly broad, unduly burdensome, and irrelevant. The claims and defenses in this litigation are infringement and non-infringement/invalidity of the '105 Patent. Social media comments do not bear any known relevance to this determination.

DATED this 29th day of April 2024.

Respectfully submitted,

/s/ Bryan B. Todd
Chad S. Pehrson
Bryan B. Todd

Attorneys for Defendant

**VERIFICATION**

I am an Owner of Brixley Bags, LLC, a party to this action. I am authorized to make this verification for and on behalf of Brixley Baggs, LLC and make this verification for that reason. I have read Brixley Bags, LLC's Response to Thread Wallets, LLC's First Set of Interrogatories and First Set of Requests for Production. I know the contents thereof and am informed and believe, and on that ground, allege that the matters stated in the foregoing documents are true.

I declare under penalty of perjury under the laws of the State of Utah that the foregoing is true and correct.

Executed this 29th day of April 2024.

/s/_____
Ethan O'Connell

Signature: *Ethan O'Connell*
Ethan O'Connell (Apr 29, 2024 20:26 MDT)

Email: ethano1114@gmail.com