# EXHIBIT C

Chad S. Pehrson (12622)
Bryan B. Todd (19099)
**KUNZLER BEAN & ADAMSON, PC**
50 W. Broadway, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
cpehrson@kba.law
btodd@kba.law

*Attorneys for Defendants Brixley Bags, LLC*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| THREAD WALLETS LLC, a Utah limited liability company, <br><br> Plaintiffs, <br> v. <br><br> BRIXLEY BAGS, LLC, a Utah limited liability company, <br><br> Defendant. | Civil Action No.: 2:23-cv-00874-JNP <br><br> **INITIAL DISCLOSURES OF DEFENDANT BRIXLEY BAGS, LLC** <br><br> Judge Jill N. Parrish |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant Brixley Bags, LLC ("Brixley"), by and through undersigned counsel, make the following disclosures. These Initial Disclosures are made upon information reasonably known to Brixley at this time and which Brixley currently reasonably believes may be used to support their claims and defenses. These disclosures do not include information that may be used solely for impeachment purposes. By making these disclosures, Brixley does not represent that they are identifying each and every document, tangible thing, or witness possibly relevant to this proceeding. Brixley further reserves the right to amend and/or supplement these initial disclosures.

The disclosures of individuals and documents listed herein are not an admission that an individual's testimony or that a document is discoverable or admissible as evidence in this case. Brixley reserves the right to object to the discovery or the use of any testimony on the basis of privilege, relevance, or other valid grounds.

A. **Rule 26(a)(1)(A)(i) – the name and, if known, the address and the telephone number of each individual likely to have discoverable information-along with the subjects of that information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:**

1. Ethan O'Connell
   C/O Kunzler Bean & Adamson, PC
   50 W Broadway, Suite 1000
   Salt Lake City, Utah 84101

   Mr. O'Connell is a co-founder and manager for Brixley and has information regarding Brixley's products, the existing patent protection on Brixley's products, prior changes implemented to Brixley's products at the request of Thread, and Thread's silence following the implementation of those changes.

2. Kimberly O'Connell
   C/O Kunzler Bean & Adamson, PC
   50 W Broadway, Suite 1000
   Salt Lake City, Utah 84101

   Ms. O'Connell is a co-founder and CEO for Brixley and has information regarding Brixley's products, the existing patent protection on Brixley's products, prior changes implemented to Brixley's products at the request of Thread, and Thread's silence following the implementation of those changes.

3. Scott Hilton
   C/O Kunzler Bean & Adamson, PC
   50 W Broadway, Suite 1000
   Salt Lake City, Utah 84101

   Mr. Hilton has information regarding communications with Thread relating to requested changes by Thread to Brixley's products, Thread's silence following the implementation of those changes, and the existing patent protection on Brixley's products

4. James McConkie

   C/O Workman Nydegger
   60 E S Temple, #1000
   Salt Lake City, UT 84111

   Mr. McConkie has information regarding communications with Thread relating to requested changes by Thread to Brixley's products, and Thread's silence following the implementation of those changes.

5. Company representative of Thread Wallets, LLC

   C/O Workman Nydegger
   60 E S Temple, #1000
   Salt Lake City, UT 84111

   This Company representative would logically have information regarding Thread's asserted patent, the scope of that patent, the infringement arguments articulated by Thread, Thread's damages theory, prior changes implemented to Brixley's products at the request of Thread, Thread's silence following the implementation of those changes, and the pre-filing investigation undertaken by Thread prior to the filing of this lawsuit.

6. Any and all witnesses identified by Plaintiff or other parties in this action.

7. Any and all witnesses needed for rebuttal and/or impeachment.

8. Any witness whose identity is discovered through the course of discovery in this case.

9. Experts who have yet to be retained to testify will be supplemented when appropriate.

10. Brixley reserves the right to supplement this witness list with any additional witnesses who become known at a later time.

B. **Rule 26(a)(1)(A)(ii) – a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing**

**party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:**

1. Documents regarding the features of the accused products.

2. Documents regarding sales figures of the accused products.

3. Correspondence between KB&A Firm and the Workman Nydegger Firm regarding requested changes to the products.

4. Documents relating to the prosecution of US Patent application number 29/815,362, entitled "Crossbody Sling."

5. Public documents relating to the prosecution of the asserted patent.

C. **Rule 26(a)(1)(A)(iii) – a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:**

Brixley is not seeking quantifiable monetary damages at this time, although it has alleged and will be investigating its entitlement to attorney's fees under Section 285 or other relevant law. Brixley's investigation is ongoing, and it reserves the right to supplement these disclosures upon discovery of further information.

D. **Rule 26(a)(1)(A)(iv) – for inspection any copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:**

There is no agreement under which any person may be liable to satisfy part or all of a judgment or to indemnify or reimburse for payments made to satisfy a judgment on behalf of Brixley.

DATED this 15th day of March 2024.

**Kunzler Bean & Adamson, PC**

*/s/ Bryan B. Todd*

                Bryan B. Todd
                Chad S. Pehrson
                *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

On the date below written, the undersigned hereby certifies that a true and correct copy of the foregoing **DEFENDANT'S RULE 26(a)(1) INITIAL DISCLOSURES** was served via email to the following:

David P. Johnson
Brittany Frandsen
WORKMAN NYDEGGER
60 E S Temple, #100
Salt Lake City, UT 84111
djohnson@wnlaw.com
bfrandsen@wnlaw.com

DATED this 15th day of March 2024.

                                                  **Kunzler Bean & Adamson, PC**

                                                  */s/ Bryan B. Todd*
                                                  Bryan B. Todd
                                                  Chad S. Pehrson
                                                  *Attorneys for Defendant*