Chad S. Pehrson (12622)
Bryan B. Todd (19099)
Thomas D. Briscoe (16788)
**KUNZLER BEAN & ADAMSON, PC**
50 W. Broadway, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 994-4646
cpehrson@kba.law
btodd@kba.law

*Attorneys for Defendants Brixley Bags, LLC*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| THREAD WALLETS LLC, a Utah limited liability company, <br><br>     Plaintiffs, <br> v. <br><br> BRIXLEY BAGS, LLC, a Utah limited liability company, <br><br>     Defendant. | Civil Action No.: 2:23-cv-00874-JNP-JCB <br><br> **DEFENDANT BRIXLEY BAGS, LLC'S MOTION FOR PROTECTIVE ORDER** <br><br> Judge Jill N. Parrish <br> Magistrate Jared C. Bennett |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Brixley Bags, LLC ("**Brixley**"), by and through undersigned counsel, hereby moves for a protective order regarding a second noticed deposition of Kimberly O'Connell ("**Ms. O'Connell**"). Ms. O'Connell was deposed for over eight hours at her first deposition, and was exhausted and stressed by the experience. The additional information sought by Thread Wallets LLC ("**Thread**") can be readily explored through a few Rule 31 questions. In support of this motion, Brixley states the following:

1

## I.      FACTUAL BACKGROUND

a.      On October 22, 2024, Ms. O'Connell appeared for a deposition at the law offices of Workman Nydegger in Salt Lake City.

b.      Ms. O'Connell was deposed by counsel for Thread.

c.      Among other topics that were the subject of the deposition, counsel questioned Ms. O'Connell at length about communications between Ms. O'Connell and her manufacturer.

d.      On June 28, 2024, Brixley had produced to Thread 793 pages of communications on the platform WhatsApp between Ms. O'Connell and Brixley's manufacturer and 706 images accompanying those WhatsApp messages. (**Exhibit A**).

e.      During the October 22 deposition of Ms. O'Connell, Brixley became aware for the first time that not all relevant images from WhatsApp had been successfully downloaded and transmitted to Thread.

f.      Upon learning of the incomplete production, counsel for Brixley began working to produce the missing documents, and sent those documents to counsel for Thread on October 28, 2024. (**Exhibit B**).

g.      During the first deposition, Brixley's counsel acknowledged Thread's counsel's request to hold Ms. O'Connell's deposition open to allow Thread to review the WhatsApp images and allow for MS. O'Connell to be further questioned specifically on those images. However, upon reflection, and following consultation with Ms. O'Connell, Brixley's counsel spoke out of turn and apologizes for so doing.

h.      On December 9, 2024, counsel for Thread wrote to counsel for Brixley to request a second deposition. (**Exhibit C**).

      i.      Counsel for Brixley replied, suggesting that the contemplated further questions regarding the additional images be conducted by written deposition pursuant to Rule 31. (**Exhibit D**).

      j.      On December 12, 2024, counsel for Thread responded that Thread planned "to complete Ms. O'Connell's deposition under Rule 30 (as it was originally noticed) rather than Rule 31." (**Exhibit E**).

      k.      On January 3, 2025, Thread served a new Notice of Deposition of Kimberly O'Connell. (**Exhibit F`**).

      l.      Counsel have met-and-conferred multiple times on this issue and been unable to reach agreement.

## II.    CONCISE ARGUMENT

The Rules allow for protective orders to be granted on matters relating to a deposition. Fed. R. Civ. P. 26(c). Courts may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* An issued order may prescribe "a discovery method other than the one selected by the party seeking discovery." *Id.*

Here, Ms. O'Connell appeared in-person for her deposition at the offices of Workman Nydegger on October 22, 2024. The Deposition started at 9:10 a.m. and continued until 5:22 p.m. During the course of the deposition, counsel for Thread, Ms. Frandsen, asked Ms. O'Connell many, many questions, including questions about communications between Ms. O'Connell and the overseas manufacturer for Brixley. Two aspects of the deposition proved exhausting for Ms. O'Connell: the 8+ hours of time, and the nature of the questioning, which was repetitive and sharp. The transcript of the deposition clocks in at a tidy 354 pages.

Thread's grounds for an additional deposition are the putative late delivery of certain images. However, these images are scarcely a significant aspect of this case. The thousands of images that were produced in connection with the WhatsApp communications include images of fabric patterns, design elements of bags, and prototypes of crossbody bags which Brixley and its manufacturer discussed when manufacturing Brixley's crossbody bags, packing cubes, and other potential products Brixley has brought or is contemplating bringing to market.

Importantly, the deposition transcript reveals that counsel for Thread had pre-existing awareness of inadvertently missing images, and yet did not advise counsel for Brixley of this, so that the ministerial error could be remedied prior to the first deposition.

This is shown in the following exchange between Thread counsel and Ms. Frandsen:

> Q: Kimberly, who generated this document?
> A: I did.
> Q: How did you do that?
> A: I downloaded it.
> Q: Is there an option in WhatsApp?
> A: To download, yeah.
> Q: Okay. Did it download images as well?
> A: It did, but I don't know where they are.
> Q: Did it download the images in a separate document?
> A: I believe it did.
> Q: Do you know if the images that were downloaded are all the images in your conversation, or if they were just some of them?
> A: They were everything.
> Q: They were everything?
> A: Mm-hmm.
> Q: Are you sure?
> A: Yes.
> Q: Okay. What makes you think that?
> A: Because I downloaded all of them.
> Q: Okay. I'm going to actually pull that separate document up later. I'll represent to you right now that I don't think it downloaded everything.
> A: Okay.
> Q: I did my own research, and WhatsApp - - what I read - - and I don't know if this is accurate because I didn't download this.

> A: Okay.
> Q: But it said that if you download your messages from WhatsApp, it will grab all the text, but it will only grab some of the most recent images. So if that's the case, we may need you guys to figure out a way to supplement some of these.
> A: That's fine. I was under the impression that they were all sent.
> Q: Yeah. That's what I thought. And I didn't find any good solutions for you. So that's something we're going to probably need to work on outside of deposition time.

(**Exhibit G** at Page 109-111).

In short, the above exchange clearly reveals that prior to Ms. O'Connell's deposition, Thread knew or had reason to believe that production regarding the WhatsApp messages was incomplete. Despite this, Thread proceeded to move forward with Ms. O'Connell's deposition. Without casting any aspersions, Brixley believes the timing of Thread's communication may have occurred for strategic reasons. (Obviously, Ms. O'Connell, like any deponent, reasonably wants to be deposed in one setting and then be finished with that chore. In contrast, a strategic litigant might want two separate sittings, so as to have time to ask tricky follow-up questions with regard to the prior day's testimony.)

In sum, the circumstances here include:

- Ms. O'Connell was understandably stressed about her day-long deposition and does not want a repeat. Ms. O'Connell is in her early 20s and to put it mildly, is not an experienced litigant.

- Counsel for Brixley on the day of the deposition was insufficiently informed about the extent of Ms. O'Connell's deposition stress.

- In advance of that first deposition day, Thread knew about some apparently missing images but proceeded with the deposition anyway.

Brixley believes a reasonable compromise here would be to allow Ms. O'Connell to answer

any questions about the images via Rule 31. This allows Thread to obtain any needed information, while avoiding exposing Ms. O'Connell to the stress and expense of an additional deposition.

DATED this 8th day of January 2025.

**KUNZLER BEAN & ADAMSON, PC**

*/s/ Chad S. Pehrson*
Chad S. Pehrson

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2025, I caused a true and correct copy of the foregoing document to be served via CM/ECF on the following:

David P. Johnson
Brittany Frandsen
WORKMAN NYDEGGER
60 E S Temple, #1000
Salt Lake City, UT 84111
djohnson@wnlaw.com
djohnson-secy@wnlaw.com
bfrandsen@wnlaw.com
bfrandsen-secy@wnlaw.com
orders@wnlaw.com

*Attorneys for Plaintiff/Counterclaim Defendant*

/s/Chad S. Pehrson

`