Chad S. Pehrson (12622) cpehrson@kba.law
Thomas D. Briscoe (16788) tbriscoe@kba.law
Bryan B. Todd (19099) btodd@kba.law
Kunzler Bean & Adamson, PC
50 West Broadway Ste 1000
Salt Lake City, Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants Brixley Bags, LLC*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| THREAD WALLETS LLC, a Utah limited liability company,<br><br>    Plaintiffs,<br>v.<br><br>BRIXLEY BAGS, LLC, a Utah limited liability company,<br><br>    Defendant. | Civil Action No.: 2:23-cv-00874-JNP-JCB<br><br>**DEFENDANT BRIXLEY BAGS, LLC'S MOTION FOR PROTECTIVE ORDER**<br><br>Judge Jill N. Parrish<br><br>Magistrate Jared C. Bennett |

Defendant Brixley Bags, LLC ("**Brixley**") moves the Court for a Protective Order regarding a second noticed deposition of Kimberly O'Connell ("**Ms. O'Connell**"). Ms. O'Connell was previously deposed for over eight hours and was exhausted and stressed by the experience. The information sought by Plaintiff can be obtained through Rule 31 questions.

**I.    Argument**

The Rules allow for protective orders to be granted on matters relating to depositions. Fed. R. Civ. P. 26(a). Courts may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* An issued order may prescribe "a

1

discovery method other than the one selected by the party seeking discovery." *Id.*

Ms. O'Connell appeared in-person for her deposition on October 22, 2024. The Deposition started at 9:10 a.m. and continued until 5:22 p.m. During the deposition, Plaintiff's Attorney, Ms. Frandsen, asked Ms. O'Connell many questions, including questions about communications between Ms. O'Connell and Brixley's overseas manufacturer. Being present for more than eight hours and the repetitive and sharp questioning proved exhausting for Ms. O'Connell. The transcript of the deposition is 354 pages long.

Plaintiff's grounds for an additional deposition are the putative late delivery of certain images. However, these images are scarcely a significant aspect of this case. The thousands of images that were produced in connection with the WhatsApp communications include images of fabric patterns, design elements of bags, and prototypes of bags that Brixley and its manufacturer discussed when manufacturing products that Brixley has or has contemplated bringing to market.

Importantly, the deposition transcript reveals that Plaintiff's counsel had pre-existing awareness of inadvertently missing images. Despite this knowledge, Plaintiff chose not to advise Brixley's counsel of the missing images, allowing for correction of a ministerial error prior to the first deposition. In the deposition transcript, when questioning Ms. O'Connell about the WhatsApp communications and images, Plaintiff's counsel stated, "I'll represent to you right now that I don't think it downloaded everything." Plaintiff's counsel indicated that she had performed some research, and did not know if it was accurate but understood "that if you download your messages from WhatsApp, it will grab all the text, but it will only grab some of the most recent images."

The exchange during Ms. O'Connell's deposition clearly reveals that prior to the deposition, Plaintiff knew or had reason to believe that production regarding the WhatsApp

messages was incomplete. Despite this, Plaintiff proceeded with Ms. O'Connell's deposition.

In sum, the circumstances here include:

- Ms. O'Connell was stressed about her day-long deposition and does not want a repeat.
- Counsel for Brixley was insufficiently informed about Ms. O'Connell's deposition stress on the day of her deposition.
- Before the deposition, Plaintiff knew about some apparently missing images but proceeded with the deposition.

Brixley believes a reasonable compromise here would be to allow Ms. O'Connell to answer any questions about images via Rule 31. This allows Plaintiff to obtain needed information while allowing Ms. O'Connell to avoid the stress and expense of additional deposition.

DATED this 10th day of January 2025.

Respectfully submitted,

*/s/Chad S. Pehrson*
Chad S. Pehrson
Thomas D. Briscoe
Bryan B. Todd

*Attorneys for Defendant*

## CERTIFICATION

Counsel for Brixley hereby certifies that it has made reasonable efforts to reach an agreement on the disputed matters raised in the foregoing Motion. On December 9, 2024, Counsel for Plaintiff wrote to counsel for Brixley regarding a second deposition of Ms. O'Connell. (**Exhibit A**). On December 11, 2024, counsel for Brixley wrote to counsel for Plaintiff, proposing that Ms. O'Connell's deposition be finished by written questions under Rule 31. (**Exhibit B**). On December 12, 2024, counsel for Plaintiff responded that Plaintiff planned "to complete Ms. O'Connell's deposition under Rule 30 (as it was originally noticed) rather than Rule 31." (**Exhibit C**). On January 3, 2025, Plaintiff served a new Notice of Deposition of Kimberly O'Connell. (**Exhibit D**). On December 30, 2024, counsel for Plaintiff, Ms. Brittany Frandsen and Mr. David Johnson met and conferred with counsel for Brixley, Bryan Todd, to discuss Ms. O'Connell's deposition. Counsel was unable to come to an agreement regarding Ms. O'Connell's deposition, and counsel for Brixley informed counsel for Plaintiff that Brixley intended to file this Motion.

The foregoing Motion is 497 words, exclusive of the caption, signature block and certificate of service, as counted by the Microsoft Word processing Program. This Motion is filed within 45 days after counsel for Plaintiff sent its Second Notice of Deposition for Kimberly O'Connell.

Dated this 10th Day of January 2025.

    Respectfully submitted,
    */s/ Chad S. Pehrson*
    Chad S. Pehrson
    Thomas D. Briscoe
    Bryan B. Todd
    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 10, 2025, a true and correct copy of the foregoing **DEFENDANT BRIXLEY BAGS, LLC'S MOTION FOR PROTECTIVE ORDER** was served via the Court's electronic notification system and email on the following:

David P. Johnson
Brittany Frandsen
**Workman Nydegger**
60 E. South Temple, Suite 1000
Salt Lake City, Utah 84111
Tel. 801-533-9800
djohnson@wnlaw.com
djohnson-secy@wnlaw.com
bfrandsen@wnlaw.com
bfrandsen-secy@wnlaw.com
orders@wnlaw.com

*Attorneys for Plaintiff*

/s/Chad S. Pehrson