David P. Johnson (#13260)
djohnson@wnlaw.com
Brittany Frandsen (#16051)
bfrandsen@wnlaw.com
WORKMAN NYDEGGER
60 E. South Temple, Suite 1000
Salt Lake City, Utah 84111
Tel. 801-533-9800

*Attorneys for Plaintiff*
THREAD WALLETS LLC

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| THREAD WALLETS LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BRIXLEY BAGS, LLC, a Utah limited liability company,<br><br>Defendant. | Civil Action No.: 2:23-cv-00874-JNP-JCB<br><br>**THREAD WALLETS LLC'S MEMORANDUM IN OPPOSITION TO DEFENDANT BRIXLEY BAGS LLC'S MOTION FOR PROTECTIVE ORDER**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

Despite its unambiguous agreement to the contrary, Brixley's Motion asks the Court to proscribe how Thread can finish deposing Ms. O'Connell regarding her history in product development. The Motion should be denied because Thread relied on Brixley's agreement, the

- 1 -

requested subject matter is unquestionably relevant, and a Rule 31 deposition would prejudice Thread.[1]

In June 2024, Brixley produced communications with its manufacturer in two PDF files—one showing texts and the other images. During Ms. O'Connell's October 2024 deposition, Thread's counsel questioned whether all the images had been produced, but stated that "[she] [didn't] know if this is accurate because [she] didn't download this." Ms. O'Connell initially testified that she had downloaded all the images but later realized many were missing.

Ms. O'Connell could not remember what many of the produced messages were about or what images were exchanged. She stated that she might know what the messages meant if she saw or produced the missing images. Brixley's counsel tried to download the missing images during deposition breaks, but could not. Accordingly, the parties agreed:

> **Ms. Frandsen:** So just so we're all clear … we're going to hold the deposition open so that we can review the manufacturer messages with images and possible spend…another hour, hour and a half deposing Kimberly on those specifically. Is that right?
>
> **Mr. Todd:** Yeah. I – I believe so. I'm not sure how much time we have left, but yes.

Thread requested these documents months before Ms. O'Connell's deposition, and it was Brixley's burden—not Thread's—to produce the images prior to the deposition. *See, e.g., Eagle View Techs., Inc. v. Nearmap US, Inc.*, No. 2:21-CV-00283, 2023 WL 3285511, at *3 (D. Utah May 5, 2023) (allowing a continued deposition of a witness when documents were produced shortly before and well after the witness's deposition). Brixley's insinuation that Thread intentionally waited to address the issue to force Ms. O'Connell to sit for another deposition is entirely false. Thread wishes the images had been produced when they were first requested so the

---

[1] Brixley's motion references the start and stop times of the October deposition but fails to note that the actual examination time was approximately six hours.

parties would not have to spend time and money on this briefing and arranging the final hour of the deposition. Brixley now wants to renege on its agreement because of the difficult nature of the deposition process. Allowing it to do so would prejudice Thread by preventing it from properly examining Ms. O'Connell regarding information that is relevant to her product development background, the development of the accused products, infringement, and willful infringement.

Ms. O'Connell will likely testify regarding these documents at trial, and Thread has the right to question her about them now. It is unclear why a Rule 31 deposition would resolve Ms. O'Connell's concerns, but Thread is unaware of any authority finding that a deponent may request a Rule 31 deposition for convenience.

DATED this 17th day of January, 2025.

Respectfully submitted,

*/s/ Brittany Frandsen*
David P. Johnson
Brittany Frandsen

Attorney for Plaintiff
THREAD WALLETS LLC

## CERTIFICATION

The foregoing Memorandum in Opposition is 487 words, exclusive of the caption and signature block, as counted by the Microsoft Word processing program.

DATED this 17th day of January, 2025.

        Respectfully submitted,

        */s/ Brittany Frandsen*
        David P. Johnson
        Brittany Frandsen

        Attorney for Plaintiff
        THREAD WALLETS LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of January, 2025, I caused the foregoing **THREAD WALLETS LLC'S MEMORANDUM IN OPPOSITION TO DEFENDANT BRIXLEY BAGS LLC'S MOTION FOR PROTECTIVE ORDER** to be served on all counsel of record as follows:

    Chad S. Pehrson (cpehrson@kba.law)
    Thomas Briscoe (tbriscoe@kba.law)
    Bryan B. Todd (btodd@kba.law)
    KUNZLER BEAN & ADAMSON, PC

*Attorneys for Defendant Brixley Bags, LLC*

    */s/ Brittany Frandsen*