THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| THREAD WALLETS LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BRIXLEY BAGS, LLC, a Utah limited liability company,<br><br>Defendant. | ORDER<br><br><br>Case No. 2:23-cv-00874-JNP-JCB<br><br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

District Judge Jill N. Parrish referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant Brixley Bags, LLC's ("Brixley") short form discovery motion for a protective order concerning a second deposition notice Plaintiff Thread Wallets LLC ("Thread") issued to Kimberly O'Connell.[2] The court held oral argument on the motion on January 22, 2025, at which the court made various rulings.[3] This order memorializes those rulings.

For the reasons stated on the record at the conclusion of oral argument, the court HEREBY ORDERS:

1. Brixley's short form discovery motion for a protective order[4] is DENIED.

---

[1] ECF No. 7.

[2] ECF No. 40.

[3] ECF No. 45.

[4] ECF No. 40.

2. Thread's request for an award of reasonable expenses, including attorney fees, incurred in opposing Brixley's motion is GRANTED because Brixley—after being provided with an opportunity to be heard on that issue at the hearing—failed to demonstrate that the motion was substantially justified or that other circumstances make an award unjust.[5]

3. Thread is entitled to an award of reasonable expenses, including attorney fees, incurred in connection with only: (1) its memorandum in opposition to Brixley's motion; and (2) one attorney's time at oral argument.

4. Within 14 days after the date of oral argument, Thread shall provide to Brixley an affidavit and cost memorandum detailing the expenses permitted above. The parties shall have 14 days thereafter to attempt to stipulate to the amount of the award. If the parties can agree upon the amount, Brixley shall pay the stipulated award to Thread within 14 days thereafter. If the parties are unable to agree upon the amount, Thread shall promptly file its affidavit and cost memorandum with the court. Brixley will have 14 days thereafter to file any response. Upon receipt of any such submissions, the court will determine the amount of the award.

---

[5] Fed. R. Civ. P. 26(c)(3) (providing that Fed. R. Civ. P. 37(a)(5) applies to an award of expenses incurred in connection with a motion for protective order Fed. R. Civ. P. 26(c)); Fed. R. Civ. P. 37(a)(5)(B) ("If the motion is denied, the court . . . *must*, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." (emphasis added)).

5. The award of reasonable expenses to Thread must be paid by Brixley's counsel, not Brixley.[6]

6. The fact discovery deadline is extended by 30 days, or until March 3, 2025.

7. All other dates and deadlines in the current scheduling order[7] are VACATED.

8. A status conference is scheduled for February 19, 2025, at 1:00 p.m. in Courtroom 7.100 before Judge Bennett. At that status conference, the parties' counsel should be prepared to address any outstanding fact discovery issues and, if necessary, rescheduling the remaining deadlines in this case.

IT IS SO ORDERED.

DATED this 23rd day of January 2025.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[6] Fed. R. Civ. P. 37(a)(5)(B) (providing that the court may require "the attorney filing the motion" to pay the award of reasonable expenses, including attorney fees).

[7] ECF No. 43.