David P. Johnson (#13260)
djohnson@wnlaw.com
Brittany Frandsen (#16051)
bfrandsen@wnlaw.com
WORKMAN NYDEGGER
60 E. South Temple, Suite 1000
Salt Lake City, Utah 84111
Tel. 801-533-9800

*Attorneys for Plaintiff*
*THREAD WALLETS LLC*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| THREAD WALLETS LLC, a Utah limited liability company,<br><br>   Plaintiff,<br><br>v.<br><br>BRIXLEY BAGS, LLC, a Utah limited liability company,<br><br>   Defendant. | Civil Action No.: 2:23-cv-00874-JNP-JCB<br><br>**PLAINTIFF THREAD WALLETS LLC'S MOTION TO SEAL**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

Plaintiff Thread Wallets LLC ("Thread") by and through undersigned counsel, respectfully moves this Court pursuant to DUCivR 5-3 and the Court's May 6, 2025 order (Dkt. No. 61) to seal portions of Exhibit A to Brixley Bags, LLC's Motion for Leave to File an Amended Answer to First Amended Complaint and Amended Counter-Claims (Dkt. No. 58) ("Motion to Amend"). The materials at issue contain sensitive business communications, and Thread's competitive interest in that information outweighs the public's interest in the disclosure of it.

- 1 -

## I.  MEMORANDUM

This is a patent infringement action involving two design patents covering the design of Thread's crossbody bag. In the course of discovery, the parties have exchanged documents and communications that contain confidential, non-public business information.

On April 28, 2025, Defendant Brixley Bags, LLC ("Brixley") filed its Motion to Amend. Attached to the Motion to Amend are two exhibits—Exhibit A and B. Exhibit A is a redacted copy of Brixley's proposed Amended Answer, and Exhibit B is a redacted redline version of the proposed Amended Answer. Brixley then filed a motion asking for leave to file under seal "an Amended Answer to First Amended Complaint and Amended Counter-claims," attaching a sealed, unredacted copy of its Exhibit A to its Motion to Amend ("Sealed Exhibit A").[1] (Dkt. No. 59.) Brixley did not send a sealed, unredacted copy of its Exhibit B to Thread, and presumably did not file one with the Court. Thus, it appears that Brixley only filed the Sealed Exhibit A under seal, and did not file Exhibit B under seal. In this Motion, Thread only addresses the Sealed Exhibit A. However, since the material in the Sealed Exhibit A should be identical to the material in Exhibit B, any arguments regarding confidentiality in Sealed Exhibit A also apply to a sealed version of Exhibit B if that document was filed with the Court.

Sealed Exhibit A quotes and cites to selections from some of the confidential documents and testimony exchanged in this action. To avoid unnecessary harm to Thread's competitive position, Thread seeks an order permitting the sealing of the Sealed Exhibit A.

---

[1] Since the Court has not given Brixley leave to file its Amended Answer, Brixley's Motion to Seal should have asked the Court to allow Brixley to file under seal Exhibit A to its Motion to Amend.

**A. Legal Standard**

Courts have long recognized a common law and constitutional presumption of public access to judicial records. However, the right of public access to judicial records is "not absolute." *C.R. Bard, Inc. v. Med. Components, Inc.*, No. 2:17-CV-00754, 2025 WL 934613, at *1 (D. Utah Mar. 27, 2025) (internal quotation omitted). The presumption of public access may be overcome where the party seeking to seal the information demonstrates that "countervailing interests heavily outweigh the public interests in access." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012). In particular, the presumption in favor of public access may be overcome by demonstrating that documents "contain sources of business information that might harm a litigant's competitive standing." *Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) (internal quotations omitted). When, as here, "documents are filed in connection with briefing on a nondispositive motion," confidentiality interests can outweigh the public's interest in access. *Id. See also Crystal Lagoons U.S. Corp. v. Pac. Aquascape Int'l, Inc.*, No. 2:19-CV-00796, 2024 WL 4534691, at *1 (D. Utah Oct. 21, 2024).

The Court's Standard Protective Order ("SPO") provides guidelines for determining whether information or documents should be considered confidential and worthy of protection. For example, the SPO allows designation of information and documents as "Attorneys' Eyes Only" if the designating party believes "in good faith" that the materials contain:

- "Sensitive business information including highly sensitive financial or marketing information;"

- "[C]omparisons of [a] competitor's products;"

- "[C]ompetitive business information including nonpublic financial or marketing analyses or comparisons of competitor's products and strategic product planning;" or

- "[A]ny other CONFIDENTIAL information the producing party reasonably and in good faith believes would likely cause harm if disclosed."

Standard Protective Order, § (A)(2). The Standard Protective Order also allows a person to designate information or documents as Confidential when the person believes "in good faith" that the materials contain "nonpublic proprietary confidential … business … information." *Id.*, § (A)(1).

### B. Confidential Information in the Amended Answer

Disclosure of some of the redacted information in the Sealed Exhibit A would place Thread at a competitive disadvantage. For example, unsealing the information in ¶¶ 65, 70, 92, 93, and 190 would reveal commercially valuable internal assessments and plans and give competitors insight into Thread's business strategies, putting Thread at a disadvantage in the market. These types of communications are particularly sensitive in the case at bar, where Thread has accused Brixley of copying its product design and does not want to give Brixley any further insight into Thread's business operations.

Following is a discussion of specific sections of the SPO that apply to the redacted information and demonstrate that they are properly sealed.

### 1. Sensitive Pricing or Financial Data

Some sections of the Amended Answer, including ¶¶ 93[2] and 190, are confidential under SPO § (A)(2)(b), which allows confidential designations for "highly sensitive financial …

---

[2] ¶ 93 of the Amended Answer includes 16 subparagraphs that are not separately numbered and that cover a range of information. Thus, parts of ¶ 93 fall within each of the categories discussed in this motion.

- 4 -

information." Some portions of these paragraphs include information regarding Thread's product sales, pricing strategy, and ad performance. This type of information is consistently sealed by the Court. *See*, *e.g.*, *Hanks v. Anderson*, No. 2:19-CV-00999, 2024 WL 4187207, at *5 (D. Utah Sept. 13, 2024) ("Public disclosure of … internal financial data could cause competitive harm, and courts have consistently found this type of confidential business information is appropriately sealed.").

### 2. Analyses and Comparisons Regarding Competitors and Their Products

Some sections of the Amended Answer, including ¶¶ 65, 70, 92, and 93, are confidential pursuant to SPO §§ (A)(2)(b) and (c), which allow confidential designations for "highly sensitive … marketing information" and "technical analyses or comparisons of competitor's products." Some of the redacted portions of these paragraphs refer to business strategies relating to monitoring and analysis of competitor products and business activity, and thus fall within § (A) of the SPO.  Moreover, most of the allegations in ¶¶ 92 and 93 are irrelevant to the claims and defenses articulated in the Amended Answer, which further weighs in favor of sealing the identified information. (*See* Dkt. No. 65.) *See Liberty Mut. Fire Ins. Co. v. Michael Baker Int'l, Inc.*, No. 2:19-CV-00881, 2023 WL 2504575, at *10 (D. Utah Mar. 14, 2023) (granting a motion to seal when the contents of the document at issue was irrelevant to the Court's ensuing order).

### 3. Marketing Plans and Strategic Product Planning

Some portions of the Amended Answer, including ¶ 93, are protectable pursuant to SPO §§ (A)(2)(b) and (d), which allow confidential designations for "highly sensitive … marketing information" and "strategic product planning." Some portions of this paragraph refer to marketing and product placement strategy, including how, when, and where to market Thread's

products. Other communications also refer to strategies for addressing consumer feedback on social media. These communications fall within ¶ (A) of the SPO. Moreover, most of the allegations in this paragraph are irrelevant to the claims and defenses articulated in the Amended Answer, which further weighs in favor of sealing the identified information. (*See* Dkt. No. 65.) *See Liberty Mut.*, 2023 WL 2504575, at *10 (granting a motion to seal when the contents of the document at issue was irrelevant to the Court's ensuing order).

## D. Conclusion

For the foregoing reasons, Thread respectfully requests that the Court grant this Motion and enter an order permitting the filing under seal of the Sealed Exhibit A to Brixley's Motion to Amend. If the Court prefers to narrow the redactions beyond that proposed by Brixley, Thread would be happy to submit a version of Brixley's Exhibit A with proposed redactions.

DATED this 13th day of May, 2024.

Respectfully submitted,

/s/ Brittany Frandsen
David P. Johnson
Brittany Frandsen

Attorney for Plaintiff
THREAD WALLETS LLC

- 6 -

12703837v1