Chad Pehrson (12622) cpehrson@kba.law
Thomas D. Briscoe (16788) tbriscoe@kba.law
Bryan B. Todd (19099) btodd@kba.law
**KB&A, PC**
50 West Broadway Ste 1000
Salt Lake City, UT 84101
Telephone: (801) 994-4646

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH CENTRAL DIVISION**

| | |
|---|---|
| THREAD WALLETS LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BRIXLEY BAGS, LLC, a Utah limited liability company;<br><br>Defendant. | Case No. 2:23-cv-00874-JNP-JCB<br><br>**MOTION REQUESTING RULE 57 EXPEDITED HEARING ON NARROW CASE-DISPOSITIVE ISSUE WITHIN BRIXLEY'S DECLARATORY JUDGMENT COUNTERCLAIM**<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

Defendant Brixley Bags, LLC ("**Brixley**") moves for an expedited hearing on its declaratory judgment counterclaim seeking a determination of the invalidity of U.S. Design Patent Nos. D995,105 and D1,025,591. Brixley's declaratory judgment counterclaim challenges the validity of these patents. An accelerated hearing under Rule 57 will swiftly resolve the core dispute in this case. Because this case presents the prototypical scenario warranting a speedy declaratory judgment determination—urgent need to resolve the "legal cloud" over Defendant's ongoing business, narrow and largely undisputed facts, and a resolution that will dispose of the entire controversy—Brixley respectfully requests that the Court advance the hearing on its declaratory judgment invalidity claim for the '105 and '591 patents.

**INTRODUCTION AND FACTUAL BACKGROUND**

Brixley denies any infringement of the two design patents and has counterclaimed for declaratory judgments that both are invalid. Along with this Motion for an expedited Rule 57 Hearing, Brixley also files a comprehensive Motion for Summary Judgment of Invalidity (with supporting expert analysis and prior art exhibits) demonstrating that Thread's patented designs were not novel at the time of patent filing. The invalidity evidence includes a prior art bag that is virtually indistinguishable from the patented design:



Brixley learned about this Tommy Hilfiger bag solely through discovery, as it was included

in an "inspiration" file. Yet despite this bag being the admitted "inspiration" for the Thread patents, Thread failed to disclose the Tommy Bag to the PTO. Thread does not—indeed, cannot—raise any genuine issue of material fact to counter these invalidity facts. In short, the central issue of this case (the validity of the '105 and '591 design patents) is ripe for decision as a matter of law, and an expedited hearing will allow the Court to promptly terminate this dispute with minimal further expenditure of resources.

The Declaratory Judgment Act and Rule 57 were designed for exactly this situation—allowing a party like Brixley to quickly dispel uncertainty and avoid crippling delay when its products are accused of infringing patents that are likely invalid. Brixley now seeks a speedy hearing before significant further litigation costs and potential business harm accrue. No party will be prejudiced by an accelerated schedule focused on patent invalidity; to the contrary, both sides benefit from a prompt resolution. If Brixley is correct that the patents are invalid, an expedited ruling will save Thread, Brixley, and the Court from an unnecessary trial (not to mention other competitors in the fashion bag landscape). If, on the other hand, Thread's patents survive scrutiny, an early decision will likewise clarify the parties' rights and streamline any remaining proceedings. In either event, expediting the declaratory judgment hearing serves the interests of justice and judicial economy.

## LEGAL STANDARD FOR EXPEDITED RULE 57 HEARING

Rule 57 explicitly provides that "[t]he court may order a speedy hearing of a declaratory-judgment action." This rule reflects a recognition by Congress and the courts that declaratory judgment actions are often uniquely suited to prompt resolution. The District of Utah and other federal courts have not hesitated to invoke Rule 57 to accelerate declaratory judgment proceedings

in appropriate cases. For example, in *By-Rite Distributing, Inc. v. Coca-Cola Co.*, the District of Utah, "pursuant to Rule 57, F.R.C.P. the Court ordered a speedy hearing on Seven-Up's [declaratory judgment] counterclaim and advanced it on the calendar." No. 83-0956, 577 F. Supp. 530, 532 (Dec. 12, 1983). Similarly, courts have found "good cause" for expedited declaratory relief where an imminent deadline or impending harm required a quick resolution. *See, e.g., Miller v. Warner Literary Grp. LLC*, No. 12-cv-2871, 2013 WL 360012, at *2 (D. Colo. Jan. 30, 2013) (granting expedited hearing on declaratory judgment given an "imminent deadline" and finding it appropriate to resolve the claim "on an expedited basis"). In short, Rule 57 grants this Court with broad discretion to order a speedy hearing of declaratory judgment claims, and courts have exercised that discretion when urgency, a focused dispute, and case-ending potential are present.

Expeditiously clarifying legal rights in patent cases helps both the parties and the public to avoid prolonged periods of uncertainty. Indeed, the very purpose of the Declaratory Judgment Act is to enable a party threatened by a patent to promptly clear the cloud of an unresolved claim from over its business. A declaratory judgment should proceed when it will definitively resolve the controversy and prevent ongoing harm from uncertainty. *See Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) (noting that declaratory judgment is proper when it will settle the dispute and relieve the uncertainty or insecurity caused by a patent controversy). In sum, both the rules and case law favor accelerating declaratory judgment determinations in circumstances like these, where doing so will quickly and efficiently resolve the central issue between the parties.

## ARGUMENT

I. **Expedited Resolution of the '105 and '591 Patent Invalidity Claims Will Avoid Irreparable Prejudice and Serve Judicial Economy**

A speedy hearing is warranted here because Brixley faces a concrete and pressing need for

4

a prompt adjudication of patent invalidity. Thread's assertion of the '105 and '591 design patents has cast a "legal cloud" over Brixley's flagship product line. Every day that passes without a ruling on invalidity is a day in which Brixley must operate under the threat of accumulating infringement damages and a potential injunction that could disrupt its business and customer goodwill. This is precisely the type of legitimate urgency that courts view as the "most important" factor favoring an expedited declaratory judgment hearing. In *National Basketball Ass'n v. Williams*, for example, a court ordered a fast-track trial to resolve an antitrust declaratory action before an upcoming season, to avoid a protracted "legal cloud" harming the business of basketball. 857 F. Supp. 1069, 1071 n.1 (S.D.N.Y. 1994).

While the stakes here may not involve a nationwide sports league, the principle is the same: Brixley should not be forced to languish for additional months under the weight of patents that are very likely invalid. The public also has a strong interest in the "swift resolution of the issues" in cases where patents may be invalid, so that competition is not unjustly stifled. *Heartland Jockey Club v. Penn Nat'l Gaming, Inc.*, 2:09-cv-804, 2009 WL 5171829 (S.D.Ohio Dec. 21, 2009). Accelerating the invalidity determination will serve the public interest by ensuring that an invalid monopoly (if indeed the patents are invalid as Brixley contends) is removed without undue delay.

Critically, Thread cannot credibly argue that it is unfair or premature to decide validity now, given that both sides have had an opportunity to conduct discovery and present evidence on the issue as part of summary judgment briefing. All parties have been on notice since the outset that patent validity is contested, and Thread itself chose to add the '591 patent into this case only in mid-2024, presumably to bolster its position. Having done so, Thread cannot complain if the Court promptly adjudicates the validity of that late-added patent alongside the '105 patent. Rule

57 was designed to prevent exactly the scenario of an accused infringer being forced to wait an unnecessarily long time before seeking relief.

> II. **The Key Issues Are Purely Legal or Require Only Limited Facts, Making This Case Ideal for a Speedy Hearing**

Expedited treatment is further justified because the dispute over the '105 and '591 patents presents a clean, principally legal issue that can be decided without extensive fact-finding or prolonged discovery. The chief question is whether Thread's claimed bag designs meet the legal requirements for patent validity in light of the prior art. That determination—anticipation or obviousness of a design under 35 U.S.C. § 102 and § 103—ultimately turns on comparisons between the patent drawings and pre-existing designs, an analysis that the Court is well equipped to perform on an accelerated basis (especially given the evidence before it in the summary judgment record). The material facts (the content of the patents and prior art references) are either undisputed or not reasonably subject to dispute; what remains is the application of the legal standards for design patent validity to those facts. This scenario mirrors other cases in which courts have granted speedy hearings. For instance, in *Tri-State Generation & Transmission Ass'n v. BNSF Ry. Co.*, the court expedited a declaratory judgment proceeding because the issue was a "fairly straightforward" contract interpretation with limited factual wrangling. No. 08-272, 2008 WL 2465407, at *7 (D. Ariz. June 17, 2008). Likewise, in *Williams*, the court observed that "the raw facts [were] not in dispute" and the fight was primarily over law, which supported an accelerated schedule. 857 F. Supp. 1069, 1071 n.1 (S.D.N.Y. 1994). Here, aside from perhaps the exact comparisons of design details (which are visible in the documents), there are few if any facts in contention. In fact, design patent validity often rises or falls on the visual comparison of drawings—a task the Court can perform based on the record already compiled. Moreover, even to

the extent any factual points could be debated, such matters are addressed by expert declarations on those points in the summary judgment briefing. The Court could, if it deemed necessary, conduct a focused evidentiary hearing on any such point on an expedited basis.

However, Brixley respectfully suggests that full trial-style proceedings are likely unnecessary. The critical prior art references are before the Court, and Thread has had the opportunity to respond to them. This case does not involve complex technology or voluminous evidence; it involves comparing images of small bags. It is, therefore, an ideal candidate for streamlined adjudication. *See GEC US 1 LLC v. Frontier Renewables, LLC*, No. 16-cv-1276, 2016 WL 3345456, at *6 (N.D. Cal. June 16, 2016) (courts consider whether a speedy declaratory judgment hearing will focus on a "narrow, well-defined" dispute and not devolve into a fact-intensive morass). Here, the invalidity questions are well-defined and have been briefed; there is no need for protracted discovery or lengthy trial testimony. Through an expedited hearing (for example, expediting Brixley's summary judgment motion or setting a Rule 57 Hearing on the declaratory claim), the Court may resolve the heart of this case.

### III.  An Expedited Decision on Patent Invalidity Will Likely Dispose of the Entire Case or Greatly Simplify It

Finally, expedited determination of the declaratory judgment claim is warranted because it is highly likely to terminate the controversy or at least substantially narrow the issues in this litigation. If the Court finds the '105 and '591 patents invalid, Thread's infringement claims will be moot and judgment can be entered in Brixley's favor, ending the case aside from adjudicating attorney's fees. Conversely, if the Court were to uphold the patents, the scope of subsequent proceedings would still be sharply focused—the parties could proceed to address infringement (and Brixley's remaining defenses) with the validity question settled.

Either way, resolving validity now removes a massive uncertainty that affects everything else. The Federal Circuit and other courts have recognized that when a single issue (here, patent validity) is likely dispositive, resolving it expeditiously makes eminent sense. In *Tri-State,* for example, the court noted that its expedited decision on the contract interpretation issue was "likely to be dispositive" of the entire matter, which was a key reason for granting a speedy hearing. No. 08-272, 2008 WL 2465407, at *7 (D. Ariz. June 17, 2008). Similarly, in this case the invalidity issue is case-dispositive: Thread cannot prevail on any claim if its patents are invalid, and Brixley's primary liability exposure vanishes with an invalidity ruling. It would significantly waste judicial and party resources to continue with months of discovery, expert reports, and trial preparation on infringement and damages if the patents at the foundation of those efforts are void *ab initio*.

Advancing the hearing on the declaratory judgment claim will also promote judicial economy by avoiding potentially duplicative proceedings. Currently, Brixley's summary judgment motion on invalidity is pending, as it was filed contemporaneously with this motion. Rather than treat that motion on the normal schedule, the Court should utilize the Rule 57 process to expedite. Rule 57 expressly contemplates "docketing the case for early hearing as on a motion" for declaratory judgment. In practice, this could mean setting a special hearing or oral argument on the invalidity summary judgment at the Court's earliest convenience, and if appropriate, converting that hearing into a final resolution of the declaratory judgment claim. Doing so would not prejudice Thread's ability to be heard or develop the record, but it would ensure a prompt ruling. Notably, a "speedy hearing" under Rule 57 does not bypass due process; it still affords both sides notice and an opportunity to present their case. Brixley is merely asking the Court to use its case-management discretion to prioritize this critical issue and decide it sooner rather than later.

Given that a ruling on patent validity will either terminate the suit or drastically simplify any remaining issues, this request is eminently reasonable. Here, Brixley's interest in clearing the path for its product and removing invalid patents from blocking the market is a right that should be determined now. Accelerating the declaratory judgment hearing thus ensures that the Court's eventual decision—whichever way it goes—will have practical meaning and will save significant time and expense for all involved.

In sum**,** all relevant factors favor an expedited hearing on Brixley's declaratory judgment claim. Brixley has demonstrated a concrete and pressing need for speed, the issues to be decided are narrowly focused and largely legal, and an early decision will effectively resolve this litigation. This is the archetype of a case for which Rule 57's "speedy hearing" mechanism was designed. Brixley respectfully asks the Court to exercise its broad discretion to order a prompt hearing and decision on the invalidity of the '105 and '591 design patents. Doing so will afford both parties a timely resolution on the merits and prevent needless prejudice and cost.

## CONCLUSION

For the foregoing reasons, Defendant Brixley Bags, LLC respectfully requests that the Court grant this Motion and order a speedy hearing (and accompanying expedited briefing or procedures as needed) on Brixley's declaratory judgment counterclaim of invalidity of the '105 and '591 design patents. Brixley further requests that the Court set such hearing at the earliest practicable date and tailor the case schedule to facilitate a prompt ruling on patent invalidity. An expedited hearing will best serve the interests of justice by swiftly resolving the key legal question in this case, terminating the controversy over Thread's design patents, and allowing the parties and the Court to avoid unnecessary further delays over patents that, as the evidence shows, should not

have been granted. Brixley stands ready to confer with the Court and opposing counsel to accomplish an accelerated schedule and will comply with any procedures the Court deems appropriate to facilitate a quick and fair hearing on the declaratory judgment claim. Brixley raised the concept of expedition through a Rule 57 Hearing with Thread's counsel a few weeks ago, and Thread's counsel respectfully declined to stipulate to a joint request to the Court.

DATED this 17th day of June 2025.

Respectfully submitted,

*/s/Chad Pehrson*
Chad Pehrson
Thomas D. Briscoe
Bryan B. Todd
*Attorneys for Defendant
and Counterclaim Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2025, I caused to be filed a true and correct copy of the foregoing **MOTION REQUESTING RULE 57 EXPEDITED HEARING ON NARROW CASE-DISPOSITIVE ISSUE WITHIN BRIXLEY'S DECLARATORY JUDGMENT COUNTERCLAIM** via the Court's electronic filing system, which effectuated service on all counsel of record.

*/s/Chad Pehrson*